**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ZINA NODD**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 11-0019-WS-C** |
| | ) | |
| **CRAFTMADE INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

On January 14, 2011, Magistrate Judge Cassady entered an Order (doc. 3) that denied plaintiffs' Motion to Proceed without Prepayment of Fees (doc. 2). As grounds for this ruling, the Magistrate Judge explained that plaintiffs' recitation of their income, assets, and financial obligations renders it "***clear*** … that Plaintiffs do ***not*** lack the means to pay the $350.00 filing fee and other related costs without being deprived of the basic necessities of life." (Doc. 3, at 3.) On that basis, the January 14 Order directed plaintiffs to pay the appropriate filing fee on or before February 14, 2011, failing which the Magistrate Judge would "recommend that this action be dismissed for Plaintiffs' failure to do so." (*Id.* at 4.) A copy of this Order was mailed to plaintiffs, who are proceeding *pro se*, at their address of record. The Court has no information and no reason to believe that the Nodds failed to receive actual notice of the January 14 Order and their accompanying obligation to pay the requisite filing fee on or before the February 14 deadline.

Despite the very clear directive set forth in the January 14 Order, and the unequivocal warning that their claims could be dismissed in the event of noncompliance, the Nodds did not pay the required filing fee prior to the court-established deadline. Indeed, the court file reflects no filing activity of any kind following the January 14 Order. Additionally, the undersigned's chambers have received no communications from the Nodds or anyone purporting to represent

them in this matter. By all appearances, plaintiffs simply elected not to acknowledge or respond to the January 14 Order, despite actual notice of the adverse consequences of such an omission.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Properties, Inc. v. Florida Mowing and Landscape Service, Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). The January 14 Order was both reasonable and well-grounded in law, yet the Nodds ignored it, even though they had been warned of the dire consequences of doing so. Such dilatory conduct warrants imposition of sanctions. District courts possess inherent power to sanction errant litigants before them. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) ("A court may impose sanctions for litigation misconduct under its inherent power."); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose "reasonable and appropriate" sanctions."). Such power unquestionably includes the authority to dismiss a party's claims "for failure to prosecute with reasonable diligence or to comply with [the court's] orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Equity Lifestyle*, 556 F.3d at 1240 ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (observing that Rule 41(b), Fed.R.Civ.P., expressly "authorizes a district court to dismiss a complaint for ... failure to comply with a court order").

Notwithstanding the availability of such a sanction in every district court's arsenal, the Eleventh Circuit has held that dismissal of an action for failure to prosecute should be undertaken "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *see also Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (dismissal for failure to prosecute is appropriate where the record reflects a "clear record of delay or willful contempt" on the part of a litigant). Contumacious conduct warranting dismissal for failure to prosecute includes such activities as "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4-5 (1st Cir. 2002); *see also Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (explaining that trial court has obligation to control and manage its own docket, and that consistent disregard of scheduling

orders furnishes sufficient reason under Rule 41(b) to dismiss case involuntarily for want of prosecution); *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 40 (1st Cir. 2003) (failure to respond to a motion renders a party susceptible to involuntary dismissal for failure to prosecute). These factors are present in this case.

The Magistrate Judge specifically notified the Nodds that they must pay the applicable filing fee (which he had specifically determined they were financially able to pay) on or before February 14, 2011. He likewise notified plaintiffs that, if they did not comply, their claims could be dismissed. Yet the Nodds did not pay the filing fee. They did not seek reconsideration of that ruling. They did not appeal it to the District Judge (as the January 14 Order explained they had the right to do). They did not request an enlargement of time to comply with the payment deadline. They did not file anything. They did not contact the Court or Clerk's Office to seek relief from the strict terms of the January 14 Order. This action has been on the docket of this District Court for more than six weeks, yet plaintiffs have yet to pay the filing fee established by law. *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action … to pay a filing fee of $350.").

Under the circumstances, the Court finds that lesser sanctions will not suffice, and is left with no reasonable alternative but to dismiss plaintiffs' claims for failure to prosecute and for failure to abide by the orders of this Court. Accordingly, this action is **dismissed without prejudice** pursuant to Rule 41(b), Fed.R.Civ.P.


DONE and ORDERED this 25th day of February, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE